846 F.2d 75
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, for the use of ARUNDEL
CORPORATION, Plaintiff- Appellee,
v.
J.M. CASHMAN, INC., the American Insurance Company,
Defendant-Appellant.
 No. 87-2577.
 United States Court of Appeals, Fourth Circuit.
 Argued March 8, 1988.
April 28, 1988.
 
 David E. Furrer (Steen, Seigel, Tully & Furrer, Albert K. Broughton, Jr., Broughton & Caldwell on brief) for appellants.
 Michael Marshall (Schlachman, Potler, Belsky & Weiner, P.A. on brief) for appellees.
 Before HARRISON L. WINTER, Chief Judge, and CHAPMAN and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 The Arundel Corporation brought suit against J.M. Cashman, Inc. (Cashman) for Cashman's failure to pay Arundel for stone which Arundel had agreed to ship under a contract entered into between the two. The district court granted Arundel's motion for summary judgment and Cashman appeals. We affirm.
 
 
 2
 Cashman and Arundel entered into a contract on November 9, 1983, which called for Arundel to supply Cashman with approximately eighty-one thousand tons of stone of various sizes and gradations for use in the rehabilitation of the South Jetty in Ocean City, Maryland. The majority of Arundel's costs were due to the loading and shipping of the stone, and the contract accordingly provided that Cashman would inspect and accept the stone at dockside, prior to loading. Cashman failed to inspect 586 tons of stone which Arundel shipped to Ocean City, and which the Army Corps of Engineers ultimately rejected for use on the rehabilitation project. Cashman refused to make further payment to Arundel, and Arundel brought this action.
 
 
 3
 The contract which Arundel and Cashman entered into explicitly provided that inspection and acceptance of all stone by Cashman would be at dockside, prior to loading. On two occasions prior to the shipment over which the current dispute arose, Arundel offered to accommodate Cashman for shipment of stone of the wrong size, even though Cashman had not inspected the stone prior to shipment. Cashman asserts that Arundel's actions permitted Cashman to infer that it was no longer required to inspect any stone prior to shipment.
 
 
 4
 We reject Cashman's claim that Arundel's willingness to accommodate Cashman for two erroneous shipments of stone constituted a complete waiver of the inspection and acceptance clause of the contract. Arundel repeatedly reminded Cashman, both before and after its efforts to accommodate Cashman for the shipment of the unusable stone, that it would not sell stone unless the buyer agreed that once loaded, the stone was considered sold. We do not think that there was any basis on which a jury could possibly find that Arundel's willingness to compromise on two occasions amounted to a modification of the contract, see Anderson v. Liberty Lobby Inc., --- U.S. ----, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202, 214 (1986). It follows that Cashman's defense to justify non-payment is lacking in merit and the grant of summary judgment for Arundel was proper.
 
 
 5
 AFFIRMED.